PETITION OF FRANCIS O'BRIEN *et ux.* for appointment of a new Trustee.

A father makes a deposit in his own name as trustee for his daughter, and dies. The daughter, while a minor, marries, and husband and minor wife prefer a petition for the appointment of a new trustee : —

*Held,* that the decree appointing a new trustee should direct him to pay the interest of the deposit to the wife, but not to pay over any part of the principal without an order of the court.

Gen. Stat. R. I. cap. 152, § 3, does not, and Gen. Stat. R. I. cap. 140, § 58, does apply to the case of a married woman who is a minor.

PETITION IN EQUITY praying for the appointment of a new trustee.

*January* 20, 1877. PER CURIAM. (Potter and Matteson, JJ.) In this case, the father deposited a sum of money in the savings bank in his own name, as trustee for his minor daughter, one of the petitioners. The father is dead. The daughter, still a minor, is married, and the husband and wife join in petitioning for the appointment of a trustee.

It is not necessary to consider whether, independently of our statute, the husband could control this property, as by Gen. Stat. R. I. cap. 152, it is secured to the wife.

A trustee is to be appointed, but we think the decree should protect the interest of the minor wife by providing that the trustee shall pay to her only the interest, until further order of court.

If the deposit was in the wife's name without any trust, she could, after she became of age, but not before, withdraw it. Gen. Stat. R. I. cap. 152, § 3, relating to the property of married women, which empowers a married woman to receive and receipt for her own property, does not cover the case of a minor wife, and marriage does not convert a minor into a major. The case of a married woman, or minor, who personally makes a deposit, is provided for specially by Gen. Stat. R. I. cap. 140, § 58.

We think, therefore, we should be carrying out the spirit and intention of the law by making the provision we have mentioned. *Decree appointing a trustee, and providing that said "trustee hold the principal sum of said investment in the Providence Institution for Savings, as it stood at the time of and including the last dividend thereon . . . . for the benefit of said wife, and*

*with power to pay over to said wife, from time to time, upon her receipt, the income of said principal sum fixed as above, but no part of said principal until further order of court.*"

*William H. Greene,* for petitioners.

NOTE BY THE REPORTER. — On motion made after the petition was filed, a portion of the deposit was set apart by the court for investment in improving and repairing the realty of the wife. The omitted portion of the decree has reference to this investment.